IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL TODD COOKE,
D.O.C. # E34011,

    Plaintiff,

vs.                                    Case No. 4:22cv330-MW-MAF

DEBORAH JONES,
HAROLD HUNT,
AND (F.N.U.) RAINES,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    The pro se Plaintiff initiated this case in September 2022 by filing a motion for preliminary injunction and temporary restraining order. ECF No. 1. A month later he paid the filing fee. ECF No. 6. Plaintiff did not file a proper complaint until February 2023. ECF No. 15. He simultaneously submitted another motion for preliminary injunction and temporary restraining order. ECF No. 16. After review of Plaintiff's complaint, ECF No. 15, he was directed to file an amended complaint, ECF No. 18, which Plaintiff has now done. ECF No. 19. An Order was entered on May 16, 2023, finding the complaint sufficient to alert the Defendants of the nature

and basis of Plaintiff's claims, and requiring Plaintiff to submit service copies of his amended complaint. ECF No. 20.

Plaintiff's two motions for preliminary injunction have been pending. ECF Nos. 1, 16. They have now been fully reviewed since Plaintiff has filed a viable complaint. In general, the motions reveal a potential risk of harm to Plaintiff based on several reasons. Plaintiff expresses fear for his life and safety. ECF No. 1 at 10; ECF No. 16 at 2. His first motion requests issuance of an Order to stop Defendants from "intentionally denying inmates protection until they are physically injured." ECF No. 1 at 11. He also seeks to stop "the practice of treating inmates inhumanely, and speaking to them inhumanely, and recommending inmates for C.M. [close management] for requesting protection." *Id.* In addition, he wants an Order to stop the "practice of systematically granting African American inmates legitimate protection" instead of Caucasian inmates. *Id.*

Plaintiff's most recent motion specifically relates to his situation. ECF No. 16. Plaintiff seeks an Order requiring the Department of Corrections to "stop the continued [violations] of the Plaintiff's constitutional rights by denying him legitimate protection and the placement of him at a permanent Protective Management Unit . . . ." *Id.* at 6.

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary injunctive relief may be granted only if the moving party establishes:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury unless the injunction issues;

    (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

    (4) granting the injunction would not be adverse to the public interest.

<u>Keeton v. Anderson-Wiley</u>, 664 F.3d 865, 868 (11th Cir. 2011); <u>Carillon Importers, Ltd.</u>, 112 F.3d at 1126; <u>United States v. Jefferson Cnty.</u>, 720 F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff.  <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000); <u>Jefferson Cnty.</u>, 720 F.2d at 1519 (citing <u>Canal Auth. v. Callaway</u>, 489 F.2d 567 (5th Cir. 1974)).

Case No. 4:22cv330-MW-MAF

First, both of Plaintiff's motions were filed at a time in which Plaintiff had not submitted a proper complaint.  At the time of Plaintiff's first motion, he had not filed a complaint at all.  At the time of Plaintiff's second motion, his original complaint was been found insufficient to properly state a claim and Plaintiff was required to submit an amended complaint.  Thus, Plaintiff had failed to meet the prerequisite for injunctive relief at the time the motions were filed because he had not demonstrated a substantial likelihood of success on the merits.

Second, Plaintiff has not demonstrated irreparable injury. "Irreparable injury 'is the *sine qua non* of injunctive relief.'" Siegel, 234 F.3d at 1176 (quoted in Jernard v. Commissioner, Ga. Dep't of Corrs., 457 F.App'x 837, 839 (11th Cir. 2012)).  Plaintiff has requested monetary damages as relief should he be successful in this case.  ECF No. 19 at 21-22.  Thus, Plaintiff has demonstrated that he has an adequate remedy at law should he prevail.  The unavailability of an adequate remedy at law is essentially a prerequisite to a finding of irreparable injury.  Jefferson Cnty., 720 F.2d at 1520 (finding "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm"); *see also*

<u>Oscar Ins. Co. of Fla. v. Blue Cross & Blue Shield of Fla., Inc.</u>, 360 F. Supp. 3d 1278, 1287 (M.D. Fla. 2019) (finding that "Oscar has failed to demonstrate that monetary damages cannot be calculated; that is, they fail to carry their burden of demonstrating irreparable injury"); <u>Lewis v. S. S. Baune</u>, 534 F.2d 1115, 1124 (5th Cir. 1976).  Failing to issue an injunction in this case would not constitute a "substantial threat of irreparable injury" and Plaintiff's motion should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motions for a preliminary injunction and temporary restraining order, ECF Nos. 1 and 16, be **DENIED** and this case **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 18, 2023.

                              S/    Martin A. Fitzpatrick
                              **MARTIN A. FITZPATRICK**
                              **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**